UNITED STATES OF AMERICA,

     Plaintiff,                           CASE NO.: 8:21-cr-00090-TPB-SPF

v.

ASNORALDO MICOLTA OBANDO,

     Defendant.

_____/

## SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD VARIANCE

Defendant, Asnoraldo Micolta Obando ("Mr. Obando"), by and through undersigned counsel, and pursuant to the Federal Rules of Criminal Procedure, files this Sentencing Memorandum setting forth factors the Court should consider in determining Mr. Obando's sentence, and states as follows:

## PROPOSED GUIDELINE CALCULATION

For the reasons detailed below, Defendant proposes that the Court adopt the following guideline calculation:

| | |
|---|---|
| **Base Offense Level** | 36 |
| **Safety Valve Reduction** | -2 |
| **Acceptance of Responsibility** | -3 |

| | |
|---|---|
| **Criminal History Category** | I |
| **Total Offense Level** | 31 |
| **Guidelines Range** | 108-135 months |

While the Guidelines suggest a sentencing range of 108-135 months, as set forth below, based on the factors enumerated under 18 U.S.C. § 3553, Mr. Obando respectfully requests that the Court impose a sentence of 66 months.

## I. THE APPLICABLE SENTENCING STANDARD

Following *United States v. Booker*, 543 U.S. 220 (2005), sentencing now requires two steps. The Court should first calculate the applicable sentencing range under the Sentencing Guidelines. *Gall v. United States*, 128 S.Ct. 586, 596 (2007). The Court should then impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a). *United States v. Cavera*, 505 F.3d 216, 220 (2d Cir. 2007). A "reasonable" sentence is one that is "sufficient, but not greater than necessary, to comply with the purposes" of criminal punishment: retribution, deterrence, incapacitation, and rehabilitation. 18 U.S.C. § 3553(a); see also S. Rep. No. 98-225, at 75-76 (1983).

The United States Supreme Court has recognized that a guidelines sentence is not always appropriate. *Rita v. United States*, 127 S. Ct. 2456, 2468 (2007) (*citing Booker*, 543 U.S. at 259, 260)). Rather, courts should exercise

"reasoned sentencing judgment" by making "an effort to filter the Guidelines' general advice through § 3553(a)'s list of factors." *Id*. In other words, the Court should ultimately derive a sentence based upon the factors of § 3553(a) "without any thumb on the scale favoring a guideline sentence." *United States v. Sachsenmaier*, 491 F.3d 680, 685 (7th Cir. 2007).

The Supreme Court ratified the holding of *Rita* and affirmed the wide discretion district courts have in determining sentences. In *Gall*, the Court held that sentencing judges "must make an individualized assessment" of the § 3553 factors and "may not presume that the Guidelines range is reasonable." *Id*. at 589. In holding that appellate courts may not apply a presumption of unreasonableness to sentences outside the guidelines range, the Court reasoned that the "sentencing judge is in a superior position to find facts and judge their import." *Id*. at 597.

In this case, a sentence of 66-months imprisonment is consistent with the goals of sentencing and will reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the conduct. 18 U.S.C. § 3553(a)(2)(A).

**II.   SENTENCING GUIDELINE APPLICATION**

**A.   Base Offense Level**

Mr. Obando pled to an offense involving 230 kilograms of cocaine.  Under U.S.S.C. § 2D1.1(c)(1), that weight carries a base offense level of 36.

**B.   Specific Offense Characteristics & Safety Valve**

Mr. Obando has met at least the requirements of U.S.S.G. § 5C1.2(1)-(5) and is therefore eligible for a two-level reduction pursuant to § 2D1.1(b)(17). Moreover, based on the "safety valve" provisions of 18 U.S.C. § 3553(f), the Court may sentence Mr. Obando lower than the ten-year mandatory minimum sentence.

**C.   Acceptance of Responsibility**

Mr. Obando pled guilty and has expressed that he is remorseful for the offense.  He should therefore receive the full 3-level reduction for acceptance of responsibility.

Thus, Mr. Obando's total offense level should be, at most, 31.

## III.    SENTENCING FACTORS UNDER 18 U.S.C. § 3553

After determining an advisory guideline range, the Court should then consider the factors listed in 18 U.S.C. § 3553(a). Among those factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide for just punishment; (3) the need for deterrence; (4) the kinds of sentences available; and (5) the need to avoid unwanted sentencing disparities.  *See United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005).

Mr. Obando is 57-years old with virtually no education and no criminal history.  Mr. Obando's life has been filled with tragedy.  To say that Mr. Obando's childhood in the jungles of Columbia was poverty-stricken is an understatement.  His father was the primary breadwinner, but he tragically died when Mr. Obando was a small child when he was killed by a snakebite.  So as a small child of seven years old, Mr. Obando got no further than second grade before he had to spend the rest of his life working for mere subsistence.

He helped his mother make bread and sell it in a nearby town and also began working with his uncle catching fish and crabs.  The food he caught was the family's sustenance.  At age twelve, he became a garbage collector and timber laborer in a nearby town.  He had moved to that town with his brother, but

shortly thereafter his brother was murdered.  Mr. Obando then moved back to his hometown of Nariño and continued to take care of his mother.

Mr. Obando resumed fishing, which he continued as his primary occupation for his entire adult life.  He and his family (his mother, grandmother, and four of his siblings) lived in a small one-room wooden house with no plumbing.

Due to his hard life, Mr. Obando has suffered a number of health problems.  His vision is poor and he has high blood pressure.  He is incontinent and has pain in his back and around his kidneys.  He also has pain and numbness and his left leg, among several other isses.

Despite the hardships of Mr. Obando's life, he has maintained a positive attitude where some men would become bitter.  He is a warm person with a pleasant disposition.  He only wants to work while he is in prison so that he can send money back to his family in Columbia.  Further, attached as **Exhibit A**[1] is a letter from Mr. Obando's community that describes him as a "hard-working" person with good manners who is respectful to people in his community.  They describe him as a gentleman and an "exemplary person."  This letter was signed by 87 members of Mr. Obando's community.

---

[1] The letter was originally sent in Spanish and was translated into English.  Both versions are attached hereto.

The smuggling operation set forth in the indictment was not a complicated endeavor. Mr. Obando's role was even less complicated. He was merely a mariner, brought into this situation by his lifelong, abject poverty. Given his background, poverty, age, and health issues, the Court should strongly consider giving Mr. Obando a reduced sentence under 18 U.S.C. § 3553.

Sentencing Mr. Obando to the a sentence of 66 months will promote respect for the law, fairly punish a minor participant in the conspiracy whose only role was transportation, and deter future misconduct. Based on the factors under 18 U.S.C. § 3553(a), Mr. Obando respectfully requests that the Court impose a sentence of 66 months, which is "sufficient, but not greater than necessary." 18 U.S.C. § 3553(a).

## CONCLUSION

For all the above reasons, Mr. Obando respectfully requests that the Court find his total offense level under the guidelines to be 31 and sentence him to 66 months in prison, waive any fine, and impose a supervised release term corresponding to the minimum allowed by law.

Dated:  January 23, 2022        Respectfully Submitted,

**KYNES, MARKMAN & FELMAN, P.A.**
P.O. Box 3396
Tampa, Florida 33602
Phone:  (813) 229-1118
Fax:  (813) 221-6750

/s/ Gus M. Centrone

_____

**GUS M. CENTRONE, ESQ.**
Florida Bar No. 30151
e-mail: gcentrone@kmf-law.com

*Attorney for Defendant*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 23, 2022, a true and correct copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

/s/ Gus M. Centrone

_____

Attorney